THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT MICHAEL ECKEBRECHT,** * | |
| * | |
| **Plaintiff,** * | |
| * | Civ. No.: MJM-23-2784 |
| v. * | |
| * | |
| **EDWARD PADEN, et al.,** * | |
| * | |
| **Defendants.** * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Self-represented plaintiff Robert Michael Eckebrecht ("Plaintiff"), who is incarcerated at the Montgomery County Pre-Release Center, filed suit for damages pursuant to 42 U.S.C. § 1983 against Officers Edward Paden, Andres Naranjo-Cano, and Rick Latifov, alleging violations of his constitutional rights.[1]  ECF No. 1.

Defendants have moved to dismiss the Complaint on the grounds that this Court lacks jurisdiction and Plaintiff is not entitled to punitive damages.  ECF No. 10.  Plaintiff was notified of his right to file a response to Defendants' motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975).  ECF No. 11.  To date, Plaintiff has not responded.  The motion is ripe for disposition, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons stated below, Defendants' motion will be denied without prejudice.

**I.   BACKGROUND**

Plaintiff states that he bought a 2011 Chevy Impala on March 1, 2023, worth approximately $15,501.  ECF No. 1-1 at 1.  While driving the car that afternoon, a pen fell down the dashboard

---

[1] The Clerk shall amend the docket to reflect Defendants' full and correct names.

vent. *Id.* While Plaintiff was banging on the dashboard in an attempt to fix it, Officer Paden of the Montgomery County Police Department, in an unmarked vehicle, flashed his lights at Plaintiff. *Id.* at 1–2. In response, Plaintiff flashed his lights. *Id.* at 2. Plaintiff passed Officer Paden and turned right onto Midcounty Highway; Officer Paden followed him and pulled Plaintiff over. *Id.*

Officer Paden approached the passenger-side window and asked Plaintiff to explain what he had been doing. *Id.* at 2–3. After explaining the situation, Officer Paden requested Plaintiff's license. *Id.* at 3. Plaintiff, who lived about a half mile away, told Officer Paden that he had to get home and had left his wallet there, believing that the officer would just let him go. *Id.* Plaintiff gave Officer Paden a random name and the title to the vehicle. *Id.* Officer Paden checked the "police database" and told Plaintiff that he could not find the name provided. *Id.* Plaintiff states that he felt he had not done anything wrong and was being harassed by Officer Paden. *Id.* at 3–4.

Other police vehicles arrived at the scene. Officer Sheehan approached Plaintiff's window and asked him to exit the vehicle. *Id.* at 4. While Plaintiff answered questions and emptied his pockets, Officer Latifov looked through the passenger side of the car and into his backpack. *Id.* Officer Latifov pulled out papers and brass knuckles from the backpack, which Plaintiff asserts he had found in the vehicle. *Id.* Plaintiff found unwrapped candy in his jacket pocket and threw it in the grass. *Id.* Officer Naranjo-Cano then handcuffed him. *Id.* at 4–5.

Thereafter, Officer Naranjo-Cano sat Plaintiff on the curb and searched him twice, taking off his boots and socks in the process. *Id.* at 5. Plaintiff asserts that Officer Naranjo-Cano groped him, and Plaintiff warned him not to touch him like that again or he would press charges. *Id.* Plaintiff further asserts that Officers Paden and Latifov did not have his permission or probable cause to search his vehicle and personal property. *Id.*

2

Eventually, Officer Paden obtained Plaintiff's real name and discovered an outstanding warrant for missing a court appearance. *Id.* at 5-6. Plaintiff was arrested on the warrant and also charged with failure to identify himself, false statements to a police officer, obstructing and hindering an investigation, and possession of a dangerous, concealed weapon. *Id.* at 6. Plaintiff was allowed to put his socks and shoes back on and then was placed in Officer Naranjo-Cano's vehicle. *Id.* Officer Naranjo-Cano promised Plaintiff he would get the vehicle title back to him at booking at the detention center but failed to do so. *Id.* Plaintiff was then released on personal bond by a commissioner. *Id.*

Upon receipt of the police report, Plaintiff asserts that Officer Naranjo-Cano did not include details of the search conducted and that Officer Paden lied in stating that he pulled Plaintiff over for speeding and reckless driving. *Id.* at 7. According to Plaintiff, Officer Paden pulled him over because he thought Plaintiff was "beating on 'someone'" in the front seat and then lied when he realized Plaintiff was only hitting the dashboard. *Id.* Plaintiff states that his charges in Case No. D-06-CR-23-01556 in the District Court for Montgomery County, Maryland were closed nolle prosequi. *Id.* at 8.

Plaintiff's vehicle was towed, and Plaintiff was never given the title back. *Id.* at 8–9. Plaintiff attempted to get the title back for one month but the vehicle was ultimately sold at auction by the Montgomery County impound lot because he could not provide the title. *Id.* at 9. Plaintiff seeks compensatory damages for the value of his vehicle, punitive damages, and the return of the title to his vehicle. ECF No. 1 at 5; *see also* ECF No. 1-1 at 8–9.

## II.     STANDARD OF REVIEW

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *See Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff

bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269 at *3 (D. Md. Feb. 8, 2024).

A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*, 416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (internal quotation marks and citations omitted); *see also U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (court may consider evidence outside the pleadings, such as affidavits). However, "[i]f the jurisdictional facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits . . . ." *Id.* (internal quotation marks omitted) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

**III.   ANALYSIS**

Defendants seek dismissal of the Complaint on the basis that this Court lacks either federal question or diversity jurisdiction over Plaintiff's claim.  ECF No. 10-1 at 4–5.  Defendants assert that Plaintiff's claim amounts to one of conversion, which is a common law claim and therefore does not implicate any federal law.  *Id.* at 5.  The Court disagrees.

Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Here, Plaintiff alleges that he was subject to an illegal search and arrest by three Montgomery County Police Officers.  ECF No. 1.  He asserts that the officers lacked probable cause to search him and his vehicle, groped him during the search of his person, and lied in their police reports resulting in his arrest and loss of his vehicle.  ECF No. 1-1.  At minimum, the Court finds that Plaintiff has pleaded facts that support claims under the Fourth Amendment.

This Court is obligated to liberally construe self-represented pleadings such as Plaintiff's Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Notably, a plaintiff is "not required to use any precise or magical words in [their] pleading." *King v. Rubenstein*, 825 F.3d 206, 222 (4th Cir. 2016) (quoting *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 418 (4th Cir.

5

2014)). As such, where a pro se plaintiff has pleaded facts in support of a legal claim, the Court construes it as such, even if the plaintiff has not identified the proper legal basis for relief.

Moreover, the Court is not persuaded that the specific relief requested by Plaintiff, compensatory damages for the loss of his vehicle, negates his allegations that his Fourth Amendment rights were violated.

Thus, the Court finds that it has federal question jurisdiction, as Plaintiff has presented a Fourth Amendment claim pursuant to 42 U.S.C. § 1983.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied without prejudice. Defendants shall answer or otherwise respond to the Complaint within 30 days.[2]

A separate Order shall follow.

| | |
|---|---|
| __3/4/25__ | __/S/__ |
| Date | Matthew J. Maddox |
| | United States District Judge |

---

[2] The Court will not address Defendants' argument regarding punitive damages at this time in light of its finding that jurisdiction exists. Defendants are free to raise this argument in any dispositive motion they file in the future.